D. Ormonde Ritchie, J.
In this proceeding brought hy petitioner pursuant to article 78 of the Civil Practice Act, an order is sought reviewing and annulling a decision made hy the respondent board of appeals denying petitioner’s application to issue a building permit or in the alternative reinstating a permit issued by the building inspector of the Town of Babylon which permit was subsequently revoked by said inspector.
The petitioner herein applied to the building inspector for a permit to erect and construct a playground wherein children’s rides were to be operated at a charge therefor. The property for which the permit was sought is located within an “E” business district. The application was made pursuant to sections E-l and E-5 of article VII of the Building Zone Ordinance of the Town of Babylon. A permitted use pursuant to section E-5 of the article is one devoted to “ Public parks, playgrounds and recreational areas.” The permit was issued on February 10, *224 1956. Subsequently and on February 26, 1956 petitioner received a letter from the building inspector revoking the permit. It is apparent that the revocation was predicated upon a realization that the use for which the permit was granted was not one permitted by section E-5 of article VII. Following the revocation of the permit, the petitioner applied to the board of appeals for the reinstatement of the permit originally issued or in the alternative for the issuance of a new permit. Upon the board’s denial of the relief sought in the application, this proceeding was instituted.
It is the contention of the petitioner that he acquired a vested right in the permit issued; that the use sought is one permitted by section E-5 of the building zone ordinance; and that the action of the board was arbitrary and capricious resulting in an unnecessary hardship to petitioner stemming from his expenditure and incurring obligations of ‘ ‘ many thousands of dollars. ’ ’
As to petitioner’s first contention the court finds that petitioner acquired no vested right in the permit originally issued. It was issued by the inspector in violation of the Building Zone Ordinance and no vested right can be acquired resulting from such violation. The use for which the permit was issued was not one permitted by section E-5 and the building inspector was vested with no authority to issue the permit. He is not authorized to issue a permit in violation of the ordinance (Matter of Gordon v. Board of Appeals of the City of Schenectady, 131 Misc. 346). A reading of the Building Zone Ordinance leads the court to the conclusion the use sought is permitted by article VIII of the ordinance in an “ F ” Business District, subdivision F-18 thereof specifying permitted uses in such district as “ Theatres, assembly halls, bowling alleys and commercial public recreational uses.” This finding disposes of petitioner’s second contention. The petitioner’s third contention that the action of the board was arbitrary and capricious and resulted in undue hardship on petitioner is not supported. Among other things the board found that the action of the inspector in revoking the permit was justified. No other holding could be sustained, since the revocation was predicated upon the violative issuance of the permit in the first instance. The board was vested with authority to review the action of the building inspector in issuing the permit and in revoking it. Such authority is vested by virtue of subdivision 2 of section 267 of the Town Law which provides in pertinent part “Such board of appeals shall * * * review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this *225 article.” The final contention of undue hardship is not supported in the petition other than by the conclusory statement of the expenditure and incurred obligations of “ many thousands of dollars ” on the part of petitioner and are found to be insufficient. Accordingly the petition is dismissed, without costs.